United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20204
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MORRIS HAUGHTON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-115-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Morris Haughton appeals the district court's revocation of
his supervised release imposed following his convictions of
possession with intent to distribute crack cocaine (Count 1) and
being a felon in possession of a firearm (Count 2).  As a result
of the revocation, Haughton was sentenced to 12 months of
imprisonment.

    Haughton argues that the district court lacked jurisdiction
to revoke his supervised release because both of his supervised
release terms had expired before the district court revoked them.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He contends that although 18 U.S.C. § 3583(i) allows for such a revocation as long as the warrant petition is issued before the supervised release term expires, § 3583(i) was enacted after he committed the offense in 1990 and cannot be applied retroactively to his case. Haughton does not challenge the revocation of his supervised release on any other ground.

Haughton misstates the facts of his case. His five-year supervised release term for Count 1 does not expire until September 23, 2007, and thus it was still ongoing when the district court revoked his supervised release on January 3, 2006. Therefore, the issue whether the district court had jurisdiction under § 3583(i) to revoke Haughton's supervised release is irrelevant and meritless.

AFFIRMED.